MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: David A. Levy, Deputy (SBN 77181)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4756
Facsimile: (650) 363-4034
E-mail: dlevy@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO and
RON SALAZAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY MOODY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN MATEO, LAURENCE GAINES RON SALAZAR and DOES 1-10, individually, et al.<br><br>Defendants. | Case No. CV 08-1864 JL<br><br>**ANSWER TO COMPLAINT OF DEFENDANTS COUNTY OF SAN MATEO AND RON SALAZAR; DEMAND FOR JURY TRIAL** |

Defendants COUNTY OF SAN MATEO and RON SALAZAR, in answer to the Complaint of Plaintiff STACEY MOODY, and admit, deny and allege:

1.  Admit the allegations contained in Paragraph 4.

2.  Deny each and every allegation contained in Paragraphs 15, 16, 17, 19, 22, 26, 27, 29, 30, 31, 32, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 52, 53, 54, 55, 57, 58 and 60.

3.  Lack adequate knowledge to respond to the allegations of Paragraphs 5, 12, 13, 14, 21, 24, 25, and on that basis, deny each and every allegation contained therein.

4.  Answering Paragraphs 1, 10 and 22, these allegations are legal, rather than factual, and on that basis, deny each and every allegation contained therein.

5.  Answering Paragraph 2, admit the allegations contained in the first sentence, and deny each and every other allegation contained therein.

6. Answering Paragraph 3, admit that defendant GAINES was, at certain times, a San Mateo County Deputy Sheriff, and deny each and every other allegation contained therein.

7. Answering Paragraph 6, admit that at certain times the two named individual defendants were employed by the COUNTY OF SAN MATEO, and at certain times were acting in the scope and course of their employment, and deny each and every other allegation contained therein.

8. Answering Paragraph 8, admit that plaintiff has been employed by the COUNTY OF SAN MATEO since 1999, and has worked, *inter alia*, in the positions listed at various times during her employment.

9. Answering Paragraph 9, admit that plaintiff has been regularly rated as "competent," and deny each and every other allegation contained therein.

10. Answering Paragraph 11, admit there was an interaction between plaintiff and defendant GAINES, and deny each and every other allegation contained therein.

11. Answering Paragraph 18, admit that plaintiff was placed on modified duty after she complained that she was physically unable to perform her normal duties, and deny each and every other allegation contained therein.

12. Answering Paragraph 20, admit that Plaintiff spoke with Sergeant Quinlan on or about said date regarding her claimed injuries, and had a subsequent telephone conversation that HIPAA rules and regulations precluded his inquiry into the nature and extent of her injuries, and deny each and every other allegation contained therein.

13. Answering Paragraph 59, defendant COUNTY OF SAN MATEO admits that it hires, trains, and supervises its employees on numerous issues, including proper employment practices, sexual harassment and discrimination, and denies each and every other allegation contained therein.

14. Answering Paragraphs 7, 23, 28, 33, 38, 46, 51 and 56, defendants incorporate each and every admission, denial and allegation contained in Paragraphs 1 through13 of this Answer as though fully set out herein.

///

///

///

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

15. As a separate and distinct affirmative defense, the complaint fails to state facts sufficient to constitute a cause of action or claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

16. As a separate and distinct affirmative defense, Plaintiff has failed to exhaust her administrative remedies, including but not limited to those provided by the DFEH, the EEOC and the County's procedures and policies relating to the reporting of discrimination.

**THIRD AFFIRMATIVE DEFENSE**

(Statute of Limitations)

17. As a separate and distinct affirmative defense, Plaintiff failed to comply with all applicable statutes of limitation, including, but not limited to the following statutes: 42 U.S.C. § 2000e-5(f)(1) (Title VII) and Cal. Gov. Code § 12965(b) (FEHA).

**FOURTH AFFIRMATIVE DEFENSE**

(Good Faith)

18. As a separate and distinct affirmative defense, all of the acts of these answering defendants that may have affected the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity.

**FIFTH AFFIRMATIVE DEFENSE**

(Willful Misconduct)

19. As a separate and distinct affirmative defense, Plaintiff is barred from recovery based upon her own willful misconduct.

**SIXTH AFFIRMATIVE DEFENSE**

(After-Acquired Evidence)

20. As a separate and distinct affirmative defense, Plaintiff's claims are barred either in whole or in part by the doctrine of after-acquired evidence.

**SEVENTH AFFIRMATIVE DEFENSE**

(Reasonable Investigation and Response)

21. As a separate and distinct affirmative, defendant COUNTY OF SAN MATEO conducted a reasonable investigation into Plaintiff's complaints and responded appropriately.

**EIGHTH AFFIRMATIVE DEFENSE**

(Unclean Hands and Misconduct)

22. As a separate and distinct affirmative defense, Plaintiff is barred from relief because she has unclean hands and volitionally engaged in the conduct of which she now complains.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

23. As a separate and distinct affirmative defense, Plaintiff failed to mitigate any or all of her alleged damages, and is thereby precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on her part.

**TENTH AFFIRMATIVE DEFENSE**

(Consent)

24. As a separate and distinct affirmative defense, plaintiff voluntarily engaged in physical and verbal interactions with her fellow employees, and thereby consented to the conduct of which she now complains.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Contributory Negligence)

25. As a separate and distinct affirmative defense, plaintiff was careless and negligent in and about the matters alleged in the complaint, and said carelessness and negligence on her own part proximately contributed to the happening of the incidents and damages she complains of, if any there were, and should plaintiff recover any damages, defendants are entitled to have the amount thereof abated, reduced or eliminated to the extent that said negligence caused or contributed to her damages, if any.

///

///

## TWELFTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

26. As a separate and distinct affirmative defense, the damages allegedly sustained by plaintiff were either wholly or in part negligently caused by individuals or entities other than these answering defendants, and said negligence comparatively reduces the percentage of liability or negligence, if any, by these answering defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Exclusive Remedy Doctrine)

27. As a separate and distinct affirmative defense, defendants are exempt from liability due to the exclusive remedy doctrine set out in California's Workers' Compensation laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Credit/ Setoff)

28. As a separate and distinct affirmative defense, defendant COUNTY OF SAN MATEO is entitled to a credit (or setoff) for any sums paid to or on Plaintiff's behalf for medical, wage loss, disability or any other monies paid pursuant to Workers' Compensation or disability claims asserted by Plaintiff which arise from the incidents alleged in her complaint.

## PRAYER

WHEREFORE, the County prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of her complaint;

2. For all costs of suit, including attorneys' fees, to be awarded to these answering defendants;

3. For judgment in favor of defendants COUNTY OF SAN MATEO and RON SALAZAR; and

4. For such other and further relief as the Court deems just and proper.

Dated:  June __, 2008                                          MICHAEL P. MURPHY, COUNTY COUNSEL

By: _____/s/_____
           David A. Levy, Deputy

Attorneys for Defendants COUNTY OF SAN MATEO and RON SALAZAR

Case No. CV 08-1864 JL                    5
COUNTY OF SAN MATEO'S ANSWER TO
FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Defendants COUNTY OF SAN MATEO and RON SALAZAR hereby demand trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

MICHAEL P. MURPHY, COUNTY COUNSEL

By: _____/s/_____
David A. Levy, Deputy