John A. Shupe, Esq., SBN: 87716
Eric K. Shiu, Esq., SBN: 156167
SHUPE AND FINKELSTEIN
177 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone:    (650) 341-3693
Facsimile:    (650) 341-1395

Attorneys for Defendant
LAURANCE GAINES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY MOODY, an individual, | Case No: CV 08 1864 JL |
| Plaintiff, | **ANSWER OF DEFENDANT LAURANCE GAINES** |
| v. | |
| COUNTY OF SAN MATEO, LAURENCE GAINES, RON SALAZAR and DOES 10, individually, et. al. | **JURY DEMANDED** |
| Defendants. | |

Comes now defendant Laurance Gaines ("Gaines") and, as and for an answer to the complaint of Stacey Moody ("complaint"), does now admit, deny and otherwise allege as follows:

1. As and for an answer to paragraph 1 of the complaint (hereinafter, references to the complaint will be by either paragraph number or page and line number thereof), Gaines admits the allegations thereof.

2. As and for an answer to paragraph 2, Gaines admits that plaintiff is a female employed by defendant County as a Sheriff's Deputy, but denies each and every other allegation thereof.

3. As and for an answer to paragraphs 3 and 4, inclusive, Gaines admits the allegations thereof.

4. As and for an answer to paragraph 5, Gaines lacks sufficient knowledge or belief to admit or deny same, and on that basis denies the allegations thereof.

Shupe and Finkelstein
177 Bovet Road, Suite 600
San Mateo, CA 94402
(650) 341-3693

1    5.    As and for an answer to paragraph 6, Gaines denies each and every other allegation
2 thereof. Gaines affirmatively alleges that his actual conduct was lawful, proper and within the scope
3 of his employment with County.

4    6.    As and for an answer to paragraph 7, Gaines incorporates by this reference his
5 responses to paragraphs 1-6 and realleges the same as if fully set forth here.

6    7.    As and for an answer to paragraphs 8 and 9, inclusive, Gains lacks sufficient
7 knowledge or belief to admit or deny same, and on that basis denies each and every allegation
8 thereof.

9    8.    As and for an answer to paragraph 10, Gaines denies the allegations thereof.

10   9.    As and for an answer to paragraph 11, Gaines admits only that on July 6, 2007 he was
11 on duty as a Deputy Sheriff for defendant County. Gaines denies each and every other allegation of
12 said paragraph.

13   10.   As and for an answer to paragraphs 12-22, inclusive, Gaines is without sufficient
14 knowledge or belief to admit or deny same, and on that basis denies each and every allegation
15 thereof.

16   11.   As and for an answer to paragraph 23, Gains incorporates by this reference his
17 responses to paragraphs 1-22, above, and realleges the same as if fully set forth here.

18   12.   As and for an answer to paragraphs 24-27, inclusive, Gaines denies each and every
19 allegation thereof.

20   13.   As and for an answer to paragraph 28, Gaines incorporates by this reference his
21 responses to paragraphs 1-27, above, and realleges the same as if fully set forth here.

22   14.   As and for an answer to paragraphs 29-32, inclusive, Gaines denies each and every
23 allegation thereof.

24   15.   As and for an answer to paragraph 33, Gaines incorporates by this reference his
25 responses to paragraphs 1-32, above, and realleges the same as if fully set forth here.

26   16.   As and for an answer to paragraphs 34-37, inclusive, Gaines is without sufficient
27 knowledge or belief to admit or deny same, and on that basis denies each and every allegation
28 thereof.

**Shupe and Finkelstein**
177 Bovet Road, Suite 600
San Mateo, CA 94402
(650) 341-3693

**Answer Of Defendant Laurance Gaines    Case No. CV 08 1864 JL**                                Page 2

17. As and for an answer to paragraph 38, Gaines incorporates by this reference his responses to paragraphs 1-37, above, and realleges the same as if fully set forth here.

18. As and for an answer to paragraphs 39-45, inclusive, Gaines denies each and every allegation thereof.

19. As and for an answer to paragraph 46, Gaines incorporates by this reference his responses to paragraphs 1-45, above, and realleges the same as if fully set forth here.

20. As and for an answer to paragraphs 47-50, inclusive, Gaines denies each and every allegation thereof.

21. As and for an answer to paragraph 51, Gaines incorporates by this reference his responses to paragraphs 1-50, above, and realleges the same as if fully set forth here.

22. As and for an answer to paragraphs 52-55, inclusive, Gaines is without sufficient knowledge or belief to admit or deny same, and on that basis denies each and every allegation thereof.

23. As and for an answer to paragraph 56, Gaines incorporates by this reference his responses to paragraphs 1-55, above, and realleges the same as if fully set forth here.

24. As and for an answer to paragraphs 57-60, Gaines denies each and every allegation thereof.

25. As and for an answer to the Prayer for Relief, Gaines denies that plaintiff has been injured by any act or omission of this defendant, and further denies that she has suffered any injury or damage whatsoever, and further denies that she is entitled to any award of general or punitive damages.

## **AFFIRMATIVE DEFENSES**

1. AS AND FOR A FIRST AFFIRMATIVE DEFENSE, defendant asserts that the complaint and each and every cause of action therein fails to state a claim upon which relief may be granted.

2. AS AND FOR A SECOND AFFIRMATIVE DEFENSE, defendant is immune from liability for his actions done within the scope of his discretionary duties and official functions. (Gov. Code §§ 815, 815.2, 820.2.)

Shupe and Finkelstein
177 Bovet Road, Suite 600
San Mateo, CA 94402
(650) 341-3693

3. AS AND FOR A THIRD AFFIRMATIVE DEFENSE, plaintiff's causes of action are too conclusorily pleaded to state any cause of action against this defendant.

4. AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, the complaint is barred by plaintiff's words and conduct conveying her consent to the touching; and/or because her words and conduct created a waiver or estoppel.

5. AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, plaintiff was and is under a duty to minimize the damages complained of, if any there are; plaintiff has failed, neglected and refused to so minimize such damages and injuries, and by reason of such failure, neglect and refusal has increased her damages and injuries, and is not entitled to recover therefore.

6. AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, the injuries and damages complained of by plaintiff, if any there were, were either wholly or in part directly and proximately caused by the negligence of persons or entities other than this defendant and said negligence is either imputed to plaintiff by reason of the relationship between plaintiff and said persons or entities, or comparatively reduces the proportion of negligence and corresponding liability of this defendant.

7. AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, the injuries and damages complained of by plaintiff, if any there were, were either wholly or in part directly and proximately caused by the intentional conduct of other persons or entities such that this defendant is not liable.

8. AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, the complaint is barred because any claim for injuries, physical or emotional, is within the exclusive remedy of the workers' compensation statute; and in any event this defendant is entitled to an offset against any damages of the monetary value of all benefits plaintiff did receive under the compensation system.

9. AS AND FOR A NINTH AFFIRMATIVE DEFENSE, defendant alleges plaintiff's complaint is barred by the applicable statute of limitations including, without limitation, California Code of Civil Procedure section 335.1, California Code of Civil Procedure section 342, California Government Code section 911.2, California Government Code section 945.6, California Government Code section 12960, California Government Code section 12965(b), and 42 U.S.C. §§ 2000e-5(e)(1), and 2000e-5(f)(1).

//

10. AS AND FOR AN TENTH AFFIRMATIVE DEFENSE, any claims for equitable relief are barred by plaintiffs' unclean hands; or by laches; or because there is an adequate remedy at law.

11. AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE, the complaint is barred because plaintiff has failed to exhaust one or more applicable administrative remedies.

12. AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, any causes of action brought under Title VII are barred because plaintiff did not timely present a charge to EEOC.

13. AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, any Title VII causes of action not mentioned in the plaintiff's charge to EEOC, are barred for plaintiff's failure to comply with the Title VII claims presentation requirement; and any Title VII causes of action not investigated by EEOC are barred by the same rule.

14. AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, causes of action brought under Title VII are barred because this suit was not filed within ninety (90) days of plaintiff receiving her EEOC right to sue letter, therefore violating the applicable statute of limitations.

15. AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, defendant alleges that he is entitled to qualified immunity to the claims alleged, in that his actual conduct (as opposed to the conduct pleaded in the complaint) did not violate any clearly established federal law at the time the defendant engaged in that conduct, and he acted in good faith.  (*Harlow v. Fitzgerald)*

## **PRAYER**

WHEREFORE, Defendant Gaines requests the following relief:

1. Verdict and judgment for defendant Gaines and against the plaintiff.
2. For an award of cost and attorneys fees incurred.
3. For such other relief as the court deems proper and just.

//
//
//
//

1 **JURY TRIAL DEMANDED**

2 Defendant Gaines herewith demands a trial by jury in this action.

3 Dated: July 2, 2008

4 SHUPE AND FINKELSTEIN

6 By_____/s/_____
7 John A. Shupe, Attorneys for Defendant Laurance Gaines

**Shupe and Finkelstein**
177 Bovet Road, Suite 600
San Mateo, CA 94402
(650) 341-3693