1  MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
   By: DAVID A. LEVY (SBN 77181)
2  Hall of Justice and Records
   400 County Center, 6th Floor
3  Redwood City, CA  94063
   Telephone: (650) 363-4756
4  Facsimile:  (650) 363-4034
   E-mail: dlevy@co.sanmateo.ca.us
5
   Attorneys for Defendants
6  COUNTY OF SAN MATEO and RON SALAZAR

7  WAUKEEN Q. MCCOY
   Law Offices Of Waukeen Q. McCoy (SBN 168228)
8  703 Market Street, Suite 1407
   San Francisco, CA 94103
9  Telephone: (415) 675-7705
   Facsimile: (415) 675-2530
10 E-mail: mccoylawsf@yahoo.com
   Attorneys for Plaintiff
11 STACEY MOODY

12 JOHN A. SHUPE
   Shupe & Finkelstein (SBN 87716)
13 177 Bovet Road, 6th Floor
   San Mateo, CA 94402
14 Telephone: (650) 341-3693
   Facsimile: (650) 341-1395
15 E-mail: jas@bovetprofessional.com
   Attorneys for Defendant
16 LAURANCE GAINES

17

# UNITED STATES DISTRICT COURT

18

# NORTHERN DISTRICT OF CALIFORNIA

19

20

| | |
|---|---|
| STACEY MOODY, an individual, | Case No. C 08-1864 JL |
| Plaintiff, | **DEFENDANTS' JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| vs. | |
| COUNTY OF SAN MATEO, LAURENCE GAINES, RON SALAZAR and DOES 1-10, individually, et al., | **Date:  August 27, 2008** <br> **Time:  10:30 a.m.** <br> **Place: Courtroom F, 15th Floor** |
| Defendant. | **The Honorable James Larson** |

///

1. JURISDICTION AND SERVICE:

This Court has subject matter jurisdiction because some of Plaintiff's claims arise under federal law (i.e., Title VII of the 1964 Civil Rights Act). There is no dispute concerning personal jurisdiction or venue.

2. FACTUAL ISSUES:

Plaintiff STACEY MOODY, a female SAN MATEO COUNTY Sheriff's Deputy, alleges she was physically assaulted by fellow Deputy Sheriff LAURANCE GAINES on July 6, 2007, while she was transferring inmates under her control to Deputy GAINES. Deputy GAINES denies that he assaulted or battered her, and asserts that they were engaged in mutual horseplay to which Deputy Moody had expressly or impliedly consented. Plaintiff alleges she was injured, although has not detailed the injuries she claims resulted from the incident, nor the damages she claims resulted from that event. After an investigation, the SAN MATEO COUNTY Sheriff terminated GAINES for his role in the incident. (GAINES grieved the termination, but the arbitration award was against him. He is studying a possible appeal.)

Plaintiff also alleges she was verbally sexually harassed by Deputy Sheriff RON SALAZAR, a co-worker, and that the SAN MATEO COUNTY Sheriff's Office was aware of this situation, but did nothing about it. Deputy SALAZAR denies sexually harassing Deputy MOODY, and the COUNTY denies any knowledge of such harassment. Plaintiff first complained of the alleged harassment in late 2007.

Plaintiff also alleges she was denied promotion to the Narcotics Task Force due to discrimination based on gender (denied by the COUNTY), and that she was retaliated against for opposing unlawful practices under Title VII, which is also denied by the COUNTY.

Plaintiff's lawsuit asserts seven causes of action, four alleging various claims under Title VII, and three state law claims: battery against Gaines, negligent and intentional infliction of emotional distress against all defendants, and negligent hiring, training and supervision against the COUNTY. Defendants

have denied all the allegations, and have asserted various affirmative defenses.

The following are the primary factual issues in dispute:

a. Whether MOODY was intentionally assaulted by GAINES, or whether the incident resulted from mutual horseplay to which Moody had impliedly or expressly consented.

b. The nature and extent of injuries and damages, if any, resulting from the MOODY-GAINES incident;

c. Whether MOODY was sexually harassed by SALAZAR;

d. Whether the COUNTY had knowledge of sexual harassment, if any;

e. Whether MOODY was passed up for promotion to the Narcotics Task Force;

f. Whether MOODY was discriminated against on the basis of her gender;

g. Whether the COUNTY negligently hired, trained and supervised its employees;

h. Whether any of the defendants negligently or intentionally inflicted emotional distress upon plaintiff; and

i. The nature and extent of injuries and damages, if any, resulting from the alleged misconduct of defendants' giving rise to the seven causes of action in the complaint.

3. LEGAL ISSUES:

The following are the primary legal issues in dispute:

a. Whether the COUNTY is responsible for the acts of the individual defendants alleged by plaintiff;

b. Whether plaintiff's claims are barred by the exclusive remedy doctrine;

c. Whether defendants have immunity from suit, either qualified or absolute; and whether defendant Gaines has a defense based on the mutual nature of the alleged assault and/or plaintiff's express or implied consent to the conduct;

d. Whether plaintiff has properly exhausted her administrative remedies; and

e. Whether all or a portion of plaintiff's claims are barred by the applicable statutes of

limitations.

4. MOTIONS:

The parties anticipate that the following motions may be filed before trial: defendants' motions for summary judgment.

5. AMENDMENT TO THE PLEADINGS:

The parties do not currently anticipate any further amendment to the pleadings, although discovery may reveal the necessity and basis for doing so.

6. EVIDENCE PRESERVATION:

The parties have agreed to make all efforts to preserve evidence.

7. DISCLOSURES:

The parties have not yet exchanged initial disclosures, and will do so on or before August 20, 2008, per FRCP 26(a)(1).

8. DISCOVERY:

No discovery has yet commenced.

9. CLASS ACTIONS:

This is not a class action suit.

10. RELATED CASES:

There are no related cases.

11. RELIEF:

Plaintiff seeks "general damages" and "special damages," as well as back pay and front pay. There has been no calculation or explanation of the amounts sought, categories of special damages sought, or the amount of back pay and front pay. Plaintiff also seeks punitive damages and attorneys' fees.

12. SETTLEMENT AND ADR:

The parties consent to mediation through the Court's ADR program. Defendant Gaines requests an early mediation or settlement conference.

///

13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:

The parties have agreed that Magistrate Judge Larson remains assigned to this matter.

14. OTHER REFERENCES:

No other reference would be appropriate in this case.

15. NARROWING OF ISSUES:

The parties are willing to try to narrow the issues in this case once sufficient discovery has been conducted to evaluate what issues are truly in dispute.  The issues may be narrowed by summary judgment.

16. EXPEDITED SCHEDULE:

The parties do not believe an expedited schedule is necessary in this case.

17. SCHEDULING:

PROPOSED SCHEDULE:

i.   Non-expert Discovery Deadline:  December 1, 2008;

ii.  Expert Disclosures Deadline:  January 2, 2009;

ii.  Expert Discovery Deadline:  February 1, 2009;

iii. Dispositive Motion Hearing Deadline:  April 1, 2009

iv.  Settlement Conference Deadline:  May 1, 2009;

v.   Joint Pretrial Statement:  May 28, 2009;

vi.  Pretrial Conference:  June 17, 2009;

vii. Jury Trial: June 29, 2009.

18. TRIAL:

Plaintiff and each of the defendants have a requested a jury trial.  The parties anticipate that the trial will take ten court days.

19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:

Defendants are a governmental entity and Deputy Sheriffs. There are no non-party interested entities or persons.

20. OTHER MATTERS: Defendant Gaines has no insurance and contends the County has the

///

1 | obligation to defend and indemnify him.

Respectfully submitted,

Dated:  August 6, 2008    MICHAEL P. MURPHY, COUNTY COUNSEL

By: _____/s/_____
    David A. Levy, Deputy

Attorneys for Defendants
COUNTY OF SAN MATEO and RON SALAZAR

Dated: August _, 2008    LAW OFFICES OF WAUKEEN Q. McCOY

By: _____
    Waukeen Q. McCoy
Attorney For Plaintiff
STACEY MOODY

Dated: August 6, 2008    SHUPE & FINKELSTEIN

By: _____/s/_____
    John A. Shupe

Attorney for Defendant
LAURANCE GAINES

*Please respond to: (650) 363-4746*

August 14, 2008

Clerk, Chief Magistrate Judge James Larson
Courtroom F, 15th Floor
USDC, Northern District
450 Golden Gate Ave.
San Francisco, CA 94102

    Re:    *Moody v. County of San Mateo, et al.,* C-08-1864 JL

Dear Clerk:

    Attached is defendants' Joint Case Management Conference Statement. Although I sent several emails to plaintiff's counsel requesting his input during the past two weeks, I have had no response. Accordingly, defendants are jointly submitting this statement.

    Very truly yours,

    MICHAEL P. MURPHY, COUNTY COUNSEL

    By**:**_____/s/_____
        DAVID A. LEVY, Deputy

MPM:DAL/lc

cc:  Waukeen McCoy, Esq. (via e-filing)
    John A. Shupe, Esq. (via e-filing

L:\LITIGATE\M_CASES\MOODY\Correspondence\Ltr to court re defendants' Jt CMCS.doc