1  John A. Shupe, Esq., SBN: 87716
   Eric K. Shiu, Esq., SBN: 156167
2  SHUPE AND FINKELSTEIN
   177 Bovet Road, Suite 600
3  San Mateo, CA  94402
   Telephone:    (650) 341-3693
4  Facsimile:    (650) 341-1395

5  Attorneys for Defendant
   LAURANCE GAINES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY MOODY, an individual, | Case No:  CV 08 1864 JL |
| Plaintiff, | **DEFENDANT'S INITIAL DISCLOSURE OF WITNESSES AND DOCUMENTS PURSUANT TO RULE 26(a) FRCiv.P.** |
| v. | |
| COUNTY OF SAN MATEO, LAURENCE GAINES, RON SALAZAR and DOES 10, individually, et. al. | |
| Defendants. | |

## WITNESSES

Defendant Laurance Gaines (hereinafter "defendant") discloses the following witnesses as persons with knowledge regarding matters which are or may be relevant to his claims and defenses:

1.   Laurence Gaines, Stacey Moody, Nino Costa, Dan Young, Mary Burns (Correctional Officer), Ron Salazar, Lt. Gil Rodriguez.  All except Laurance Gaines are deputies or officers currently employed by the Sheriff's Department, County of San Mateo, reachable through the County, resident addresses and telephone numbers not known. All are witnesses to the incident of horseplay and/or its immediate aftermath between Mr. Gaines and Ms. Moody which occurred on July 6, 2007 in the Maguire Correctional Facility, in Redwood City, and have knowledge bearing upon whether the incident was an intentional assault by Mr. Gaines, or mutual horseplay consented to by Ms. Moody.

//

2. Greg Slegers, Sheriff's Deputy, Al Rosenmiller, Sheriff's Deputy, Gil Rodriguez, Sheriff's Lieutenant, Vicki O'Brien, Sheriff's Lieutenant, all reachable through the County of San Mateo, residence addresses and telephone numbers not known, are witnesses to the work and social relationships of Ms. Moody, her on the job behaviors, and/or the work and social relationship between Mr. Gaines and Ms. Moody which existed prior to the horseplay between them which occurred on July 6, 2007.

3. Gerald Quinlan, Sgt., and Lt.O'Brien, Sheriff's Department and possibly others working in the internal affairs unit of the Sheriff's Dept., are witnesses to the internal investigation of the horse play incident accomplished by that unit, and the efforts the unit made to protect the career of Ms. Moody by minimizing the evidence suggesting that the incident between Moody and Gaines was mutual horseplay, rather than an intentional assault, and by blaming Mr. Gaines.

4. Undersheriff Carlos Bolanos, an employee of the Sheriff's Department, and Gregg Monks, the Sheriff of the County of San Mateo, have knowledge regarding both the initiation of the Department's internal investigation of the horseplay incident, and the punishment imposed on Mr. Gaines thereafter, and the reasons for both.

5. Persons, names, addresses and telephone numbers unknown, who have knowledge regarding Stacy Moody's medical conditions prior to the horseplay incident, including her doctors as well as workers compensation adjustors and examiners, and who could testify that the orthopedic and other conditions she attributes to the incident with Mr. Gaines in fact pre-existed that incident; and that her hemophiliac condition causes severe bruising upon minor physical contact.

6. All witnesses disclosed by any other party to this litigation.

7. Other persons, identity unknown, who have knowledge on issues in this case not yet brought to defendant's attention. Defendant reserves the right to amend this Initial Disclosure upon the discovery of such persons or at any permissible time prior to trial.

### DOCUMENTS

Pursuant to Rule 26(a)(1)(A)(ii) Defendant discloses the following documents by category, which he believes to be relevant or potentially relevant to his claims or defenses:

1. Documents which reflect the Sheriff's Department and conclusions regarding investigation of the horseplay incident between Ms. Moody and Mr. Gaines. Defendant believes that these documents reflect confidential personnel matters and are therefore privileged and subject to disclosure only with an appropriate Court protective order.

2. Sheriff's Department tape recordings of its interviews and witness statements obtained in the internal investigation of the horseplay incident. Defendant believes that these recordings reflect privileged personnel matters and are therefore privileged and subject to disclosure only with an appropriate Court protective order.

3. Defendant Gaines personnel file reflecting his employment evaluations with the Sheriff's Department, and commendations for exemplary behavior. Defendant believes that these documents reflect privileged personnel matters and are therefore privileged and subject to disclosure only with an appropriate Court protective order.

4. Workers compensation files reflecting work injuries incurred by plaintiff during and prior to the horseplay incident, which reflect her actual medical and orthopedic condition prior to that incident and prove that the injuries she now complains about actually pre-existed that incident. Defendant believes that these documents reflect private personal matters and are therefore privileged and subject to disclosure only with an appropriate Court protective order.

5. Plaintiff's personnel file showing incidents of prior and subsequent behaviors consistent with her engaging in voluntary horseplay with Mr. Gaines on July 6, 2007, and detailing her work relationship with certain upper level Sheriff's employees, and describing her work assignments.

## INSURANCE

Defendant Gaines has no purchased liability insurance for this claim, but instead relies solely upon the defense and indemnity owed him by County of San Mateo.

Dated: August 20, 2008                Respectfully submitted by,

SHUPE AND FINKELSTEIN

By_____
John A. Shupe, Attorneys for Defendant Gaines