IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY MOODY, | No. C-08-1864 MMC |
| Plaintiff, | **ORDER GRANTING IN PART, DENYING IN PART AND DEFERRING IN PART RULING ON DEFENDANT COUNTY OF SAN MATEO'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL; AFFORDING DEFENDANT OPPORTUNITY TO FILE SUPPLEMENTAL MEMORANDUM** |
| v. | |
| COUNTY OF SAN MATEO, LAURENCE GAINES, RON SALAZAR, | |
| Defendants | |

Before the Court is defendant County of San Mateo's ("County") "Administrative Motion to File Motion for Summary Adjudication of Claims and Issues and Briefs, Declarations and Exhibits In Support Thereof, Under Seal," filed October 2, 2009. No opposition or response thereto has been filed.

Having read and considered the papers filed in support of the administrative motion, the Court rules as follows:

1. Three exhibits attached to the Declaration of David A. Levy ("Levy Declaration"), specifically Exhibits O, Q, and R, have been found to be confidential by Magistrate Judge Wayne D. Brazil (see Order Following In Camera Review, filed May 1, 2009); the motion for summary adjudication includes discussion of the contents of those documents. Accordingly, to the extent the administrative motion seeks leave to file under seal the unredacted versions of the Levy Declaration and the motion for summary adjudication, the

administrative motion is hereby GRANTED.

2. To the extent the administrative motion seeks a finding that it is "pointless" to require the County to file redacted versions of the Levy Declaration and the motion for summary adjudication, the administrative motion is hereby DENIED. The fact that a portion of a document is properly filed under seal does not mean the entirety of the document may be filed under seal. See Civil L.R. 79-5(a) (providing motion for leave to file document under seal "must be narrowly tailored to seek sealing only of sealable material"). Accordingly, the County will be required to file in the public record redacted versions of the Levy Declaration and the motion for summary adjudication.

In that respect, the Court notes that the County has asserted that, in addition to the material found confidential by Magistrate Judge Brazil, the Levy Declaration and the motion for summary adjudication include material designated as confidential by one or more parties to the instant action. The County fails, however, to identify any particular matter that has been so designated, let alone to establish that any such material "is privileged or portectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(a); see also Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1135-36, (9th Cir. 2003) (holding documents filed in connection with motion for summary judgment may not be filed under seal absent "compelling reasons for doing so"). Before requiring the County to file redacted versions of the Levy Declaration and motion for summary adjudication, the Court will afford the County leave to file, no later than October 26, 2009, a supplemental memorandum identifying those additional portion(s) of the Levy Declaration and/or motion for summary adjudication the County is designating as confidential, and, further, to establish why any such portion is, in fact, confidential.[1]

//

---

[1] To the extent a party other than the County has designated as confidential any material the County seeks to file, the County need only identify the material and the designating party, whereupon the designating party must, within five court days, file a declaration establishing the material is properly filed under seal. See Civil L.R. 79-5(d).

2

3.  The County fails to identify any portion of the Declaration of Steven Shively that is confidential in nature, let alone to "establish[ ] that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(a).  The Court will, however, afford the County leave to file, no later than October 26, 2009, a supplemental memorandum identifying any portion of said declaration that is confidential and to establish why such portion is, in fact, confidential.

**IT IS SO ORDERED.**

Dated:  October 13, 2009

MAXINE M. CHESNEY
United States District Judge