IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY MOODY,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN MATEO, LAURENCE GAINES, RON SALAZAR,<br><br>    Defendants<br>                                           / | No. C-08-1864 MMC<br><br>**ORDER DEFERRING RULING ON PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL; DIRECTING PLAINTIFF TO SUBMIT CHAMBERS COPY OF OPPOSITIONS AND SUPPORTING DOCUMENTS** |

    Before the Court is plaintiff Stacey Moody's "Administrative Motion to File Oppositions to Motions for Summary Adjudication of Claims and Issues and Briefs, Declarations and Exhibits In Support Thereof, Temporarily Under Seal," filed October 16, 2009. Having read and considered the administrative motion, the Court rules as follows.

    In her administrative motion, plaintiff states she does not believe that any part of her oppositions or supporting documents should be filed under seal, but asserts one or more defendants may be of the view that the opposition and/or supporting documents are confidential. Plaintiff requests the Court temporarily file her opposition and supporting documents under seal until such time as the Court can determine if the lodged documents are confidential.

    The Local Rules of this District require that where a party seeks to file under seal a document another party has designated as confidential, the party seeking to file such

document must lodge the document with the Clerk, and must file an administrative motion stating that another party has designated the document as confidential. See Civil L.R. 79-5(d). The Local Rules do not provide for the "temporary" filing of documents under seal, nor do they require the Court to conduct an independent review to determine if the document is confidential. Rather, the party who has designated the document as confidential is required, no later than five court days after the filing of the above-referenced administrative motion, "to file with the Court and serve a declaration establishing that the designated information is sealable, [to] lodge and serve a narrowly tailored proposed sealing order, or [to] withdraw the designation of confidentiality." See Civil L.R. 79-5(d).

Accordingly, the Court hereby DEFERS ruling on plaintiff's administrative request until after October 23, 2009, the deadline by which any defendant who has designated the material in plaintiff's opposition and in her supporting documents as confidential must file a declaration establishing that such document or documents are properly filed under seal.[1]

Further, plaintiff is hereby DIRECTED to immediately submit a chambers copy of each of her oppositions and supporting documents. Irrespective of whether the oppositions and supporting documents are filed under seal or in the public record, plaintiff is required to provide a chambers copy of each document submitted. See Civil L.R. 79-5(b)(4).

**IT IS SO ORDERED.**

Dated: October 22, 2009

MAXINE M. CHESNEY
United States District Judge

---

[1] The Court further notes that any party seeking an order directing that plaintiff's documents, or any portion thereof, be filed under seal must establish "compelling reasons for doing so." See also Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1135-36, (9th Cir. 2003) (holding documents filed in connection with motion for summary judgment may not be filed under seal absent "compelling reasons for doing so").